UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| NICOLE STAFFORD,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY VAN BEEK,<br><br>Defendant. | 4:20-CV-04147-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND<br><br>[DOCKET NO. 21] |

**INTRODUCTION**

This matter is before the court on plaintiff Nicole Stafford's amended complaint seeking damages for injuries sustained while working at defendant Jeffrey Van Beek's cattle ranch. Plaintiff moved for leave to amend her complaint after defendant filed a motion for summary judgment. Docket No. 21. Both motions have been referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge. See Docket Nos. 30 & 31.

**FACTS**

Although this opinion decides the motion to amend, the following facts are drawn from the parties' summary judgment submissions. Nicole Stafford was a college student interested in pursuing a veterinary science post-graduate degree. She began a paid internship in calving management at defendant's

cattle ranch in Campbell County, South Dakota, on January 14, 2020. The terms of the internship were set out in a document signed by Ms. Stafford. Docket No. 24-5.

Sometime between January 14, 2020, and March 7, 2020, Ms. Stafford observed that a pregnant heifer, tag number 8N24, would soon calve. Ms. Stafford testified she moved her into the barn, where she could safely deliver her calf. Docket No. 24-1 at p. 4. Ms. Stafford testified that, while she was moving 8N24 into the barn, the heifer turned around and began to charge her. Ms. Stafford testified she screamed at 8N24 "because everything that [she had] ever learned has always been you have to be the bigger person. Sometimes they're bluffing. Sometimes they're not . . . . You don't really know what's going to happen." Id. Ms. Stafford testified that she chose to attempt to portray herself as the bigger person and attempt to scare 8N24 away. It worked, and the heifer turned around and went into the barn. Id. Another intern, Nicole Robben, testified at her deposition that Ms. Stafford told her to be careful because 8N24 was being aggressive. Docket No. 24-2 at p. 3.

After 8N24 calved, Ms. Stafford testified she was working in a pen with 8N24 when the cow charged and pinned her against a fence or a pole. Id. There is also evidence in the record suggesting 8N24 charged into a gate, and the gate swung and struck Ms. Stafford. Docket No. 24-3 at p. 2. In the pen were four to six other cows and their calves. Docket No. 24-2 at pp. 4-5.

Ms. Stafford informed the ranch manager, Troy LaFave, of the incident. Mr. LaFave testified in his deposition that he told Ms. Stafford to stay away

from 8N24 as much as possible and instructed her not to go into the pen with 8N24. Docket No. 24-3 at p. 3. Mr. LaFave further testified that he told Ms. Stafford and Ms. Robben he would work with 8N24 going forward. Id. He testified that the interns were instructed to inform him if work needed to be done around 8N24, and he would do the work. Id. Ms. Stafford testified that she and Ms. Robben told Troy "we're not going to deal with [8N24] anymore." Docket No. 24-1 at p. 4. Mr. LaFave looked into 8N24's lineage and told Ms. Stafford the cow's grandmother had behavior problems. Id.

After this incident, Ms. Robben testified she and Ms. Stafford "were very wary of [8N24]." Docket No. 24-2 at p. 4. Ms. Robben testified she would lift minerals for the calves over the gate and into 8N24's pen—instead of going into the pen with the minerals—because she did not want to go into the pen with 8N24. Id.

Ms. Robben testified that, on March 7, 2020, it had been around three days since she and Ms. Stafford had checked on the calves in 8N24's pen. Id. at p. 5. She testified that, in addition to lifting minerals over the fence to avoid entering 8N24's pen, she would visually inspect the calves from outside the fence. Id. But, to thoroughly check the calves' health, Ms. Robben testified the interns needed to enter the pen and closely inspect them. Id. Ms. Robben testified she did not remember if any of her supervisors at the ranch told her she had to go into the pen with 8N24. Id. Ms. Robben was reluctant to go into the pen with 8N24, and Ms. Stafford seemingly volunteered to go into the pen. Docket No. 24-2 at pp. 5-6.

Ms. Stafford alleges that, while she was in the pen with 8N24, she was rammed into a calf hut by 8N24 and rolled several times before 8N24 rammed her into a metal pole causing a left arm fracture. Docket No. 1 at p. 3, ¶ 16. Mr. LaFave testified that, after Ms. Stafford was injured, she told him she went into the pen because she thought she could handle 8N24. Docket No. 24-3 at p. 3. He further testified Ms. Stafford told him 8N24 had hit her from behind and knocked her into a pole once. Id.

On October 13, 2020, Ms. Stafford initiated this case in federal court by filing a three-count complaint. Docket No. 1. She amended the complaint on November 17, 2020. See Docket No. 5. Jurisdiction is premised on the diversity of the parties and an amount in controversy in excess of $75,000. Id. at p. 2, ¶ 6; see 28 U.S.C. § 1332. In count one, Ms. Stafford pled a claim of state-law nuisance under SDCL § 21-10-1. Id. at pp. 3-4. Count two contained a claim of negligence *per se* on the ground that defendant knew or should have known about 8N24's vicious or abnormally dangerous tendencies. Id. at p. 4. Ms. Stafford pled a negligence claim in count three. Id. at pp. 4-5. The claim includes theories of negligence including premises liability, failure to restrain and supervise 8N24, failure to chaperone guests exposed to 8N24, and failing to prevent 8N24 from attacking Ms. Stafford. Id.

Defendant answered the amended complaint on November 19, 2020. Docket No. 7. Defendant stated that he would move separately for a change of venue to the Northern Division of the District of South Dakota, but no such motion has yet been filed. Id. at p. 1. The defendant stated for his first defense

that the amended complaint failed to state claims on which relief may be granted for nuisance, negligence *per se*, and the claims sounding in premises liability. Id.

The court entered a scheduling order on December 11, 2020. Docket No. 11. The order set the deadline for amending the pleadings as February 12, 2021. Id. at p. 1. The deadline to file all motions, other than motions *in limine*, was September 24, 2021. Id. at p. 3.

Defendant filed an amended answer to the complaint on February 12, 2021, the deadline to amend the pleadings, but did not seek the court's permission to amend as required by Fed. R. Civ. P. 15(a)(2). Docket No. 14. Defense counsel failed to comply with applicable rules in filing the amended answer. Federal Rule of Civil Procedure 15(a)(2) and D.S.D. Civ. L.R. 15.1 require a defendant to serve and file a motion to amend, with notice of hearing, or, in the alternative, move the court to grant the motion to amend on the stipulation of the parties.

On August 19, 2021, defense counsel moved for leave to amend defendant's answer accompanied by a stipulation signed by plaintiff's counsel indicating the parties had agreed the court should enter an order allowing defendant to file an amended answer. Docket No. 17. The court granted the motion (Docket No. 18), and defense counsel re-filed the amended answer (Docket No. 19).

In the amended answer, defendant indicated a motion to change venue would be forthcoming only if the case would be tried. Id. at p. 1. Again, the

defendant stated as his first defense that Ms. Stafford's amended complaint failed to state claims on which relief may be granted for nuisance, negligence per se, and negligence sounding in premises liability. Id. at pp. 1-2. As a second defense, defendant alleged plaintiff's claims are barred by Ms. Stafford's knowing assumption of risk. Id. at p. 2. Defendant denied that the legal tenets under SDCL § 21-10 are applicable in circumstances where an employee is injured while in the scope of employment on a cattle ranch. Id. at pp. 5-6, ¶¶ 19 & 21.

On September 24, 2021, defendant filed the instant motion for summary judgment. Docket No. 20. In the brief filed in support thereof, Docket No. 20-3, defendant represented that plaintiff's counsel volunteered that plaintiff would be willing to stipulate to the dismissal of counts one (alleging nuisance) and two (alleging negligence per se). Id. at p. 1. It appears no such stipulation was ever submitted to the court. In any case, the defendant moved for summary judgment on all three counts in the amended complaint. Id.

On October 15, 2021, plaintiff moved the court for leave to amend her amended complaint. Docket No. 21. The proposed second amended complaint, which plaintiff's counsel appended to the motion, omitted the nuisance and negligence per se counts, leaving only a single claim—that of negligence. Id. The negligence count asserts defendant owed plaintiff a duty to furnish a reasonably safe work premises for her expected use, to establish proper methods of work and to provide adequate training and supervision, and to provide reasonably safe equipment. Id. at pp. 5-6. Plaintiff alleges

defendant breached his duty in each of the above specified ways, and by failing to warn plaintiff of the heifer, failing to supervise the heifer, failing to provide a chaperone to plaintiff when she encountered the heifer, and failing to prevent the heifer from attacking plaintiff. Id. at p. 6.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) directs courts to "freely give leave [to amend] when justice so requires." Although this is a liberal standard, parties do not have an absolute right to amend any claim at any time. See Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). A timely motion to amend may be denied for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC, 781 F.3d 1003, 1015 (8th Cir. 2015) (quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005)).

When a Rule 15 motion is brought *after* the court-ordered deadline, the court must also conduct a "good cause" analysis under Rule 16(b) to determine if amendment of the scheduling order is appropriate. See Sherman, 532 F.3d at 716 (finding the "good-cause standard governs when a party seeks leave to amend . . . outside of the time period established by a scheduling order"). The "interplay between Rule 15(a) and Rule 16(b) is settled in this circuit." Id. Scheduling orders issued pursuant to Rule 16(b) "must limit the time to join

other parties, amend the pleadings, complete discovery, and file motions." FED. R. CIV. P. 16(b)(3)(A). When a scheduling order is issued pursuant to Rule 16(b), the "schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) would render scheduling orders meaningless and effectively . . . read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sherman, 532 F.3d at 716 (internal quotation marks and citation omitted). However, Rule 16 orders are "blueprints for the trial," but should not be construed as "hoops of steel." Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 6A Federal Practice and Procedure, § 1527.1 at 407, 407 n.3 (2010) (quoting Sill Corp. v. United States, 343 F.2d 411, 420 (10th Cir. 1965).

Therefore, "if a party files for leave to amend [a pleading] outside the court's scheduling order, the party *must* show cause to modify the schedule." Sherman, 532 F.3d at 716 (quoting Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (internal quotation marks omitted). The burden of showing good cause rests on the party seeking modification of the scheduling order. Larson Mfg. Co. of S.D. v. W. Showcase Homes, Inc., 4:16-cv-04118-VLD, 2018 WL 6528250, at *3 (D.S.D. Dec. 11, 2018).

"The primary measure of good cause is the movant's diligence in attempting to meet deadlines." Albright v. Mountain Home Sch. Dist., 926 F.3d 942, 951 (8th Cir. 2019) (citation omitted). Indeed, the Eighth Circuit instructs that, under Rule 16(b), courts considering a tardy proposed amendment should

"focus in the first instance (and usually solely) on the diligence of the party who sought modification of the [scheduling] order." Sherman, 532 F.3d at 717. "The existence or degree of prejudice to the party opposing the modification may also be relevant under Rule 16(b), but a court need not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Roeman v. United States, No. 4:19-cv-4006-LLP, 2021 WL 2351684, at *3 (D.S.D. June 9, 2021) (citing Sherman, 532 F.3d at 717). The district court has discretion in granting or denying a motion to modify the scheduling order. Harris v. FedEx Nat'l LTL, Inc., 760 F.3d 780, 786 (8th Cir. 2014).

Here, the scheduling order's deadline for amending the pleadings ran on February 12, 2021, and the deadline for filing motions (including motions to modify the scheduling order) was September 24, 2021. The motion to amend was filed October 15, 2021, eight months after the deadline for amending the pleadings and three weeks after the deadline for filing motions. Therefore, the court must apply the Rule 16(b) good-cause standard before considering whether an amendment is proper under Rule 15(a). See Nasuti v. Walmart, Inc., No. 5:20-CV-5023-LLP, 2021 WL 2982737, at *3 (D.S.D. July 14, 2021).

Ms. Stafford seeks to amend her amended complaint to drop the nuisance and negligence per se counts. Docket No. 21 at pp. 3-7. She seeks to augment her theory of premises negligence in the sole remaining count to also include negligence based on defendant's duty as plaintiff's employer. Id. at pp. 5-6.

Ms. Stafford's addresses her diligence in pursing this amendment by stating she "is filing her motion for leave to amend almost immediately after receiving Van Beek's motion for summary judgment. As soon as Stafford was made aware that she needs to particularize the legal claims of negligence she did not delay." Docket No. 22 at p. 4. She notes that Rule 15 allows amendments as well as supplements to the pleadings. Id. at p. 1 (citing Fed. R. Civ. P. 15(d)). She asserts "an amended pleading is designed to include matters occurring *before* the filing of the bill but either overlooked or not known at the time." Id. at p. 2 (citing United States v. Voracheck, 563 F.2d 884, 886 (8th Cir. 1977) (emphasis added); Cup o' Dirt, LLC v. Badlands Airtime, LLC). As the district court noted in Cup O'Dirt, LLC, the distinction between an amendment and a supplement is miniscule because the same standard applies to both. Cup O'Dirt, LLC v. Badlands Airtime, LLC, 4:19-CV-04031-KES, Docket No. 106 (D.S.D. Feb. 22, 2021).

The Cup O'Dirt, LLC court explained the Eighth Circuit caselaw on the interplay between Rule 15(b) and Rule 16: "The Eighth Circuit Court of Appeals takes a 'liberal viewpoint towards leave to amend' and leave 'should normally be granted absent good reason for a denial.' " Id. (quoting Libertarian Party of S.D. v. Krebs, 312 F.R.D. 523, 525 (D.S.D. 2016) (quoting Popp Telcom v. Am. Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000))). "A district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

non-moving party, or futility of the amendment.' " Id. (quoting Sherman, 532 F.3d at 715) (quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005))).

In the Cup O'Dirt, LLC case, the court acknowledged the requirement that a moving party demonstrate good cause under Rule 16 when a motion to amend is untimely. Id. at pp. 7-8. However, in that case, the court found the movant established good cause; although the motion was three months past the court's deadline for amending pleadings, and the movant may have been "somewhat dilatory," nevertheless the non-moving party had been aware of the facts leading to the amendments all along. Id. at p. 8. So too, here.

The court notes there is no surprise or prejudice to defendant. Defendant asserted in its very first answer that there was an employer-employee relationship between plaintiff and defendant. Defendant knew all along that plaintiff asserted negligence against defendant. Plaintiff's original grounds for negligence against defendant are still to be found in the proposed second amended complaint. The second amended complaint merely builds upon that original claim by fleshing out all the ways plaintiff believes defendant owed her a duty and all the ways plaintiff believes defendant breached that duty of due care. Plaintiff's negligence claim was always premised on the assertion defendant owed her a duty, that defendant knew or should have known that his heifer posed a danger to plaintiff, and that defendant violated his duty to plaintiff by failing to protect or warn her from this dangerous heifer.

There is nothing new in the second amended complaint that will require further discovery by either party.

Furthermore, the court notes that defendant itself was the beneficiary of an untimely motion to amend his answer. His motion to amend his answer was due in February, just as plaintiff's motion was due then. However, through inadvertence or ignorance of the rules, defendant failed to file a motion to amend his answer until six months after the deadline had passed. At that time, plaintiff agreed to stipulate to the amendment, thus relieving defendant of the necessity of showing good cause for the amendment under Rule 16. Not only is there an absence of a compelling reason to deny plaintiff's motion to amend, the court finds it would be unjust to do so under the circumstances, even if plaintiff was "somewhat dilatory."

Finally, the court also notes that the amendment would dispense with two of plaintiff's previously-asserted claims—nuisance and negligence *per se*. Clearly, if a party wishes to narrow the claims for relief and dispense with less-strong claims, courts should not be about the business of denying those requests.

**CONCLUSION**

Based on the foregoing law, facts and analysis, it is hereby

ORDERED that plaintiff's motion to amend her first amended complaint [Docket No. 21] is granted. Plaintiff shall immediately file her second amended complaint. Defendant shall file an answer to that second amended complaint within 14 days from today's date. In view of the pending motion for summary

judgment which is also before this magistrate judge for a recommended disposition, it is further

ORDERED that if either party wishes to supplement their summary judgment briefing to take into account this order granting plaintiff's motion to amend, that party shall file a supplemental brief on or before February 15, 2022.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED February 8, 2022.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge